Opinion by
Mr. Justice Moore.*
An action was commenced in the district court of Arapahoe county by plaintiffs in error, hereinafter referred to as plaintiffs, against J. Neale Roberts to recover damages allegedly sustained as a result of his failure to perform the acts required of him under a lease of real estate owned by the plaintiffs. The lease was entered into on June 6, 1965, and Roberts as lessee took possession and began operating an automatic automobile washing business on the leased premises at 401-437 South Broadway in Denver, Colorado. The rental called for in the lease was $1,900 per month. The sum of $3,800 covering the last two months’ rent was paid in advance. The period covered by the lease was from June 7, 1965, until April 30, 1974.
Roberts operated the business and paid the rent called for by the lease until November 7, 1965, on which date he failed to pay. On November 19, 1965, the plaintiffs .served a demand upon him for payment of rent or possession of the property. On November 29,- 1965, plaintiffs *240 took possession of the property and thereafter commenced the action for damages. It is alleged in the plaintiffs’ complaint that another tenant for the premises was secured and that the total amount of damages due from Roberts, after giving credit for the $3,800 advance rental payment, is $5,405.58.
An affidavit in attachment and a bond were filed by the plaintiffs and a writ of attachment was issued by the court. The ground of attachment as stated in the affidavit was:
“That the defendant on or about October 18,1965, fraudulently conveyed his interest in Lot 27, Block 21, Cherry Knolls 2nd Filing, located in Arapahoe County, Colorado, to his wife so as to hinder and delay his creditors and future creditors.”
Roberts traversed the affidavit in attachment, and moved the trial court to invalidate the attachment proceedings.
A hearing was had upon the allegations of the affidavit ánd the traverse thereof. At the conclusion of the hearing, the trial court sustained the traverse and dissolved the attachment. Plaintiffs are here on writ of error seeking reversal of that judgment.
In essence, the position of the plaintiffs is that this court must say, as a matter of law, that the evidence presented at the hearing, considered in the light most favorable to Roberts, required entry of a judgment sustaining the allegation that the defendant
“fraudulently conveyed his interest in Lot 27, Block 21, Cherry Knolls 2nd Filing, located in Arapahoe County, Colorado, to his wife so as to hinder and delay his creditors and future creditors.”
The only witnesses called were G. L. Boone an officer ¿FAutómátic Car Wash, Inc., and Roberts who was cross-examined by counsel for plaintiffs. At the conclusion of this evidence, following an argument concerning the sufficiency of the evidence to sustain the allegations of the affidavit, the trial court ruled as follows:
“The court finds there is insufficient evidence before this *241 Court at this time upon which the court can find that the conveyance was fraudulent, sufficient to justify the continuance of the writ of attachment. The writ of attachment will therefore be dissolved.”
The. evidence presented by plaintiffs was not disputed in' any material respect by Roberts upon cross-examination by. plaintiffs’ attorney. The admitted facts are that at the time the lease was entered into, Roberts and his wife were purchasing the home occupied by them. The property which was subject to a mortgage, was valued at about $25,000. The value of the equity in the house is not shown by the record and the amount of the debt secured by the mortgage is not disclosed. Roberts and his wife had been occupying the premises for about two years prior to the date the lease was executed. Roberts told the plaintiffs prior to signing the lease that he could “raise six to eight thousand dollars in cash.”
Two weeks after the lease was signed by Roberts he conveyed his interest in the home to his wife. The deed was dated June 21, 1965. No consideration was paid by his wife for the transfer of his interest. It was alleged in the affidavit supporting the traverse that the equity in: the home was acquired with money supplied by the parents of Mrs. Roberts but no evidence to this effect was given. The deed was recorded on October 18, 1965, about three weeks prior to the default in rent payment due on November 7, 1965. At the time the deed was given, Roberts was not in default and there is nothing to indicate that he then anticipated any lack of ability to perform the terms of the lease. He had paid $3,800 advance rental, and for four months following the making of the lease he .paid the amount of rent stipulated. There was no evidence tending to prove that he was insolvent, or in any manner unable to pay the amount of any judgment which might be obtained by plaintiffs.
 Whether a transfer of property is “fraudulently conveyed or transferred” so as to “hinder or delay” creditors is a question involving the intent of the trans *242 feror at the time the transfer is made. In the instant action the trial court found that there was no “fraudulent” intent on the part of Roberts to hinder or delay creditors.
We cannot say as a matter of law that the trial court erred in reaching this conclusion. The evidence and inferences properly deducible therefrom were sufficient to support the conclusion drawn by the trial court.
The judgment is affirmed.
Mr. Justice Day, Mr. Justice Hodges and Mr. Justice Lee concur.

 Retired Supreme Court Justice sitting under assignment by the Chief .Justice under provisions of Article VI, Section 5(3) of the constitu- ■ • :tion of Colorado.